UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO DENTAL SOCIETY, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> AMERICAN SEMINAR INSTITUTE, ) <br> ) <br> Defendant. ) | Case No. 08 C 01748 <br><br> Judge Kendall <br><br> Magistrate Judge Shenkier |

## JOINT INITIAL STATUS REPORT

1. Attorneys of Record

   *Attorneys for Plaintiff*
   Peter M. Sfikas
   Edward M. Graham
   Bell, Boyd & Lloyd, LLP
   70 West Madison Street
   Suite 3100
   Chicago, IL  6062
   (312) 372-1121

   *Attorneys for Defendant*
   P. Stephen Fardy

   Brendon P. Friesen
   Swanson, Martin & Bell, LLP
   330 North Wabash
   Suite 3300
   Chicago, IL  60611
   (312) 321-9100

2. Basis of Federal Jurisdiction

   Federal Question:   The Lanham Act, 15·U.S.C. and 28 U.S.C. §§ 1331 and 1338(a). Supplemental Jurisdiction over state and common law claims that arise from a nucleus of facts that are common to the federal claims for relief.  Defendant disputes jurisdiction.

3. Nature of the Claims

Plaintiff claims that Defendant altered Plaintiff's products in such a way and made statements to the public regarding those products that amounted to false representations of fact that are likely to deceive or confuse or mislead the public as to the affiliation, connection, or association between Plaintiff and Defendant in violation of the Lanham Act. Plaintiff also claims that Defendant has engaged in reverse passing off in violation of the Lanham Act. In the alternative, and as the assignee of the distributor from whom Defendant purchased Plaintiff's products, Plaintiff also alleges a claim for breach of contract.

Defendant claims that this court lacks personal jurisdiction. While Defendant denies any wrongdoing, Defendant claims that the alleged misconduct does not violate the Lanham Act.

4. All Parties have been served and appeared.

5. Principal Legal Issues.

Whether the alleged conduct of Defendant is prohibited by the Lanham Act. Whether this case is properly brought under the Lanham Act. Whether Plaintiff has standing to bring this suit under the assignment attached to the Complaint. Whether Defendant's actions and statements amounted to false representations of fact that are likely to deceive or confuse or mislead the public as to the affiliation, connection, or association between Plaintiff and Defendant in violation of the Lanham Act, whether Defendant has engaged in reverse passing off in violation of the Lanham Act, and, in the alternative, whether Defendant owes Plaintiff as assignee of the distributor for any amounts due for products purchased by Defendant.

6. Principal Factual Issues.

Whether Defendant altered Plaintiff's products, whether Defendant's website and marketing materials made representations regarding the origin of Plaintiff's products, and, in the alternative, whether Defendant paid all amounts due for the products it purchased from Plaintiff's distributor.

7. Defendant expects a jury trial.

8. Discovery Plan.

No discovery has yet taken place.

    (a)    Plaintiffs will propound interrogatories and document requests and will depose persons identified by Defendant as having knowledge.

           Defendant likewise will propound interrogatories and document requests and will depose persons identified by Plaintiff as having knowledge.

    (b)    The parties shall comply with Rule 26(a)(1) by August 31, 2008.

    (c)    The parties shall complete fact discovery by December 31, 2008.

    (d)    Plaintiff to disclose experts by January 15, 2009 and produce for deposition by January 30, 2009.

    (e)    Defendant to disclose experts by March 15, 2009 and produce for deposition by March 30, 2009.

    (d)    The parties shall complete expert discovery by March 31, 2009.

    (e)    The parties shall file dispositive motions by April 30, 2009

    (f)    The parties shall file a pretrial order by June 31, 2009.

9. The Parties will be prepared to try this case in July 2009. Trial should last no more than five days.

10. The Parties have not yet unanimously consented to proceed before the Magistrate Judge.

11. <u>Settlement Discussions</u>:

The parties have engaged and continue to engage in substantive settlement discussion but to date have not yet been able to reach any agreement.

                                                  Respectfully submitted,

                                                  CHICAGO DENTAL SOCIETY

          /s/Edward M. Graham
          Edward M. Graham

Peter M. Sfikas
Edward M. Graham
**BELL, BOYD & LLOYD LLP**
Three First National Plaza
70 W. Madison, Suite 3100
Chicago, Illinois 60602
(312) 372-1121

       Respectfully submitted,

       AMERICAN SEMINAR INSTITUTE

        /s/Brendon P. Friesen
        Brendon P. Friesen

P. Stephen Fardy

Brendon P. Friesen
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash
Suite 3300
Chicago, Illinois 60611
(312) 321-9100